UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY, | Civil Action No. _____<br><br>Petition to Compel Arbitration |

Petitioners,

vs.

3131 VETERANS BLVD LLC,

          Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   Petitioners, Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (the "Insurers"), by and through their attorneys, Mound Cotton Wollan & Greengrass LLP, for their Petition to Compel Arbitration against Respondent 3131 Veterans Boulevard LLC, allege upon information and belief as follows:

**Preliminary Statement**

1. The Insurers bring this proceeding under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), the Convention Act, 9 U.S.C. §§ 2 et seq., and the Federal Arbitration Act (the "FAA").

2. The Insurers seek an Order from this Court compelling Respondent's participation in the arbitration process demanded under the binding Arbitration Agreement in the insurance policy under which Respondent seeks coverage.

3. The Insurers also request that this Court stay a pending litigation in state court, which Respondent filed in violation of the Policy's Arbitration Agreement.

**Introduction**

4. This suit arises from a commercial property insurance claim made by Respondent.

5. The Insurers severally participated in an insurance policy bearing Account ID 815222, issued to 2121 Borders, LLC (the "Insured") for property located at 3131 Veterans Memorial Boulevard, Metairie, LA 70002 (the "Property") for the one-year period commencing on February 11, 2021.

6. On or about August 29, 2021, Hurricane Ida made landfall in Louisiana.

7. The Hurricane caused damage to the Property.

8. On or about May 3, 2022, the Insured sold the Property to Respondent 3131 Veterans Blvd LLC.

9. According to Respondent, it and the Insured also entered into an "Assignment and Assumption of Contract, Warranties, Guaranties, and Insurance Claims, Rights and Proceeds" in which the Insured assigned to Respondent all rights under the Policy related to the claims.

10. The Insurers have not accepted the Assignment's validity.

11. Respondent and the Insurers also disagree as to the amount of compensable damage to the Property – if any – under the Policy.

12. Under 9 U.S.C. § 202, the Arbitration Agreement falls under the Convention because it arises out of a commercial relationship and it is not entirely between citizens of the United States. Therefore, under 9 U.S.C. §§ 201 and 206, the Insurers seek an order from the Court requiring Respondent to submit all claims to the arbitration process as provided for in the Arbitration Agreement.

13. Alternatively, the Arbitration Agreement is enforceable under the FAA because the Policy is a contract evidencing a transaction involving commerce, which includes a written provision to settle by arbitration a controversy arising out of it, including the refusal to perform the whole or any part of it. Therefore, under 9 U.S.C. § 4, the Insurers seek an order from the Court requiring Respondent to submit all claims to the arbitration process as provided for in the Arbitration Agreement.

14. In addition, under 9 U.S.C. § 3, the Insurers seek an order from the Court staying this litigation, pending the conclusion of arbitration.

## The Parties

15. Certain Underwriters are a collection of insurance syndicates organized under the laws of the United Kingdom.

16. Indian Harbor Insurance Company is a Delaware corporation with a principal place of business in Connecticut.

17. QBE Specialty Insurance Company is a North Dakota corporation with its principal place of business in Wisconsin.

18. Steadfast Insurance Company is an Illinois corporation with its principal place of business in Illinois.

19. General Security Indemnity Company of Arizona is an Arizona corporation with its principal place of business in New York.

20. United Specialty Insurance Company is a Delaware corporation with its principal place of business in Texas.

21. Lexington Insurance Company is a Delaware corporation with its principal place of business in Massachusetts.

22. HDI Global Specialty SE ("HDI") is registered under the laws of Germany with its principal place of business in Germany.

23. Old Republic Union Insurance Company is an Illinois corporation with its principal place of business in Illinois.

24. GeoVera Specialty Insurance Company is a Delaware corporation with its principal place of business is in California.

25. Transverse Specialty Insurance Company is a Delaware corporation with its principal place of business in New Jersey.

26. Upon information and belief, Respondent is a domestic corporation organized under the laws of Louisiana and domiciled in Jefferson Parish, Louisiana.

**Jurisdiction and Venue**

27. The Arbitration Agreement is set forth in the Policy, which is the subject of this Petition, falls under the Convention and thus this Court has original jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

28. The Convention applies here because it involves an Arbitration Agreement to which Certain Underwriters and HDI, foreign citizens, are parties. 9 U.S.C. § 202. For example:[1]

---

[1] This listing is an incomplete list of the Underwriters participating on the risk and is not intended to be exhaustive. Rather it illustrates the extent to which entities that are citizens of countries other than the United States are

      a.      Syndicate 2987 is an unincorporated association, the managing agent of which is Brit Syndicates Limited and sole corporate member of which is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England; and

      b.      Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales and has its principal place of business in London, England.

29.      Venue is proper in this Court under to 9 U.S.C. § 204 because it is the district and division which "embraces the place designated in the agreement as the place of arbitration if such place is within the United States."

## Facts

1.      **The Policy's Arbitration Agreement**

30.      The Insurers issued to the Insured a Commercial Property Insurance Policy bearing Account Policy No. 815222, for the one-year period commencing on February 11, 2021. See Ex. 1 to the November 18, 2022 Declaration of Jeffrey S. Weinstein.

31.      The Policy insures against all risks of direct physical loss or damage to Covered Property, except as excluded. See Ex. 1 to the Weinstein Decl. at p. 1.

32.      The Policy also extends coverage to "the actual loss sustained by the Insured during the Period of Interruption directly resulting from a Covered Cause of Loss to Covered Property." Ex. 1 to the Weinstein Decl. at p. 12.

---

subscribers to the Policy. Upon information and belief, the remaining syndicates are primarily comprised of citizens of Contracting States other than the United States.

33. The Policy includes an Arbitration Agreement which requires that "all matters in difference" between the Respondent and the Insurers concerning the Policy shall be referred to an Arbitration Tribunal, the seat of which is to be in New York, and which will apply New York law. Ex. 1 to the Weinstein Decl. at p. 24.

34. The Arbitration Agreement is set forth in full below:

> ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.
>
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.
>
> Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.
>
> A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

Ex. 1 to the Weinstein Decl. at p. 24.

2. **The Loss and the Insured's Subsequent Assignment to Respondent**

35. On or about August 29, 2021, Hurricane Ida made landfall in Louisiana.

36. The Hurricane caused damage to the Property (the "Loss").

37. The Insured notified the Insurers of the Loss and made a claim under the Policy.

38. The Insurers acknowledge receipt of the Claim, assigned to it claim number 4187059, and assigned Sedgwick to investigate and adjust the Loss.

39. Sedgwick inspected the property on or about September 16, 2021.

40. In early May, 2022, the Insured sold the Property to Respondent.

41. A few weeks later, the Insured assigned all rights under the Policy related to the claim to the Respondent.

42. On or about May 23, 2022, the Respondent notified the Insurers of the Loss and made a claim under the Policy.

3. **Respondent Breaches the Policy by Filing Suit in Louisiana**

43. In breach of the Policy's Arbitration Agreement, on September 15, 2022, Respondent sued some of the Insurers in Louisiana state court (the "Louisiana Lawsuit"). Ex. 2 to the Weinstein Decl.

44. Respondent's Petition contained causes of action for breach of contract and various Louisiana statutory violations.

45. Respondent's Petition did not contain an arbitration demand.

46. On November 18, 2022 the Insurers, through undersigned counsel, invoked the Arbitration Agreement and demanded that Respondent arbitrate all matters in difference between Respondent and the Insurers regarding the claimed loss, including all claims asserted in the Louisiana Lawsuit. Ex. 3 to the Weinstein Decl., Arbitration Demand.

47. As of today's filing, Respondent has not responded to the Arbitration Demand.

48. Moreover, Respondent has attempted to circumvent the Arbitration Agreement by commencing an action against the domestic carriers only, while purporting to waive its claims against the foreign carriers.

49. The Insurers dispute the import of Respondent's purported waiver, and its effect on the Insurers' obligations under the Policy.

50. Because this is a matter in dispute between the Parties, it is arbitrable.

**Claim for Relief**

51. Under 9 U.S.C. § 4, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the

parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

52. Section 206 of the Convention Act provides that the Court may "direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."

53. Section 206 of the Convention Act also provides that the Court "may also appoint arbitrators in accordance with the provisions of the agreement."

54. Accordingly, the Insurers respectfully request that the Court refer this matter to arbitration.

55. Additionally, Section 3 of the FAA provides:

> If any suit…be brought…upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which said suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had.

56. Under 9 U.S.C. §§ 206 and 208, this mandatory stay provision applies to litigation subject to an Arbitration Agreement falling under the Convention and the Convention Act.

57. Because Respondent has filed a suit in violation of the Arbitration Agreement, and because and the Insurers have invoked said Arbitration Agreement, the mandatory stay provision applies.

58. Therefore, in conjunction with the Insurers' request that the Court refer this litigation to arbitration, and under the FAA and the Convention, the Insurers request the Court stay this litigation and also stay the Louisiana Lawsuit.

**WHEREFORE**, the Insurers respectfully request that this Court:

A. Issue an order compelling arbitration under 9 U.S.C. §§ 4 and 206;

B.     Retain jurisdiction over this matter until a complete panel of arbitrators is formally constituted according to the Arbitration Agreement;

C.     Stay this litigation pending the outcome of the arbitration under 9 U.S.C. § 3;

D.     Stay the Louisiana Lawsuit under 28 U.S.C. § 2283; and

E.     Enjoin Respondent from litigating the subject matter of this lawsuit and the arbitration in any venue other than before an arbitration panel.

Dated: New York, New York

November 18, 2022

By:    /s/ Jeffrey S. Weinstein
Jeffrey S. Weinstein
David A. Nelson
Samuel B. Weiss
Mound Cotton Wollan & Greengrass LLP

One New York Plaza, Fl. 44
New York, NY 10004
Tel: (212) 804-4200
Fax: (212) 344-8066

JWeinstein@moundcotton.com
DNelson@moundcotton.com
SWeiss@moundcotton.com

*Attorneys for Petitioners Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company*