UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY, | No.1:22-cv-9849(LAP)) <br><br> OPPOSITION TO MOTION TO COMPEL ARBITRATION |

                    **Petitioners,**

v.

**3131 VETERANS BLVD, LLC**

                    **Respondent.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

3131 Veterans Blvd, LLC, ("3131 Veterans") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the Petition to Compel Arbitration filed in this matter ("the Petition") for lack of personal jurisdiction.

**I.      FACTUAL BACKGROUND**

This case involves an attempt by Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera

Specialty Insurance Company, and Transverse Specialty Insurance Company ("the Insurers").  to prevent 3131 Veterans from asserting its rights in a lawsuit pending in Louisiana state court ("the Louisiana lawsuit") against all non-foreign underwriters of the Policies ("the domestic underwriters") by compelling arbitration. The Louisiana lawsuit was filed before the filing of the instant suit. The Policies insured one property located in Jefferson parish, Louisiana.[1] The Louisiana lawsuit concerns damage to the property caused by Hurricane Ida.[2]

The Petition does not allege that 3131 Veterans transacts any business within New York or contracts anywhere to supply goods or services in the state, that 3131 Veterans committed a tort in New York or that caused injury to person or property in New York, or that 3131 owns uses of possesses any real property in New York.

## II.    APPLICABLE LEGAL STANDARD

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process."  *Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994).

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) (quotation omitted). "However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'" *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756 (LGS), 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

---

[1]    A parish is a political subdivision equivalent to a county in all other states.

[2]    See Rec. Doc. 1 at page 7.

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question," we first "apply the forum state's long-arm statute." *Eades,* 799 F.3d at 168 (quotation omitted). If the long-arm statute permits personal jurisdiction, we analyze whether personal jurisdiction comports with due process protections established under the Constitution. *Id.*

New York's long-arm statute provides the following:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state. N.Y. C.P.L.R. § 302(a)(1).

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." 799 F.3d at 168 (quotation omitted).

### III. APPLICATION OF LAW TO FACTS OF CASE

The Petition is devoid of any allegations which could support a finding of personal jurisdiction over 3131 Veterans in New York. As such, there is not basis under which 3131 Veterans is subject to the New York Long Arm Statue. Consequently, the claims against 3131 Veterans must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

Date Submitted:       December 19, 2022

                                        Respectfully submitted,

                                        s/ William Barousse
                                        VOORHIES LAW FIRM, L.L.C.
                                        William A. Barousse
                                        william@voorhieslaw.com
                                        Energy Centre, Suite 2810
                                        1100 Poydras Street
                                        New Orleans, Louisiana 70163
                                        Phone: (504) 875-2223
                                        Fax: (504) 875-4882
                                        **Attorney for 3131 Veterans Blvd., LLC**