UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY, | Civil Action No. 1:22-cv-09849<br><br>**Petitioners' Reply Memorandum of Law in Further Support of Their Petition to Compel Arbitration** |

Petitioners,

vs.

3131 VETERANS BLVD LLC,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Of Counsel:

> Jeffrey S. Weinstein
> David A. Nelson
> Samuel B. Weiss
> Mound Cotton Wollan & Greengrass LLP
> One New York Plaza Floor 44
> New York, New York 10004
> Tel: (212) 804-4200
> Fax: (212) 344-8066
> JWeinstein@moundcotton.com
> DNelson@moundcotton.com
> SWeiss@moundcotton.com
> *Attorneys for Petitioners*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

I.  The Arbitration Clause is Enforceable Under Louisiana Law...........................................2

    1.  The Insurers, as Surplus Lines Insurers, are Exempt from the Louisiana Statute Prohibiting Arbitration Clauses ................................................................................2

    2.  Insurance Code Section 442 Does Not Prohibit the Arbitration Clause ..................3

    3.  Federal and Louisiana State Decisions Support the Insurers' Position ..................3

    4.  Respondent Conflates Choice of Law and Choice of Forum .................................5

    5.  Respondent's Cited Cases are Not on Point ............................................................6

II. The Policy's Broad Delegation Clause Mandates that the Arbitration Tribunal Determine all Issues, Including the Arbitration Clause's Validity and Scope ................................7

III. Respondent's Purported Waiver Against the Insurers is Irrelevant....................................8

IV. The Insurers Can Enforce the Arbitration Clause Through Estoppel..................................9

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.,
  884 F.3d 540 (5th Cir. 2018) ................................................................................. 3, 4, 10

Am. Bureau of Shipping v. Tencara Shipyard S.P.A.,
  170 F.3d 349 (2d Cir. 1999) ............................................................................................ 9

Best Concrete Mix Corp. v. Lloyd's of London Underwriters,
  413 F. Supp. 2d 182 (E.D.N.Y. 2006) ............................................................................ 9

Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co.,
  2022 WL 17476969 (E.D. La. Dec. 6, 2022) .................................................................. 5

Burge v. State,
  54 So. 3d 1110 (La. 2/11/11) .......................................................................................... 3

Certain Underwriters at Lloyd's, London v. Vintage Grand Condo. Ass'n, Inc.,
  2019 WL 760802 (S.D.N.Y. Feb. 6, 2019) ............................................................... 7, 10

Cook v. New York State Div. of Parole,
  321 F.3d 274 (2d Cir. 2003) ............................................................................................ 3

Corpus Christi Indep. Sch. Dist. v. Amrisc, LLC,
  2019 WL 2051696 (E.D.N.Y. May 9, 2019) .................................................................. 7

Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.,
  282 So. 3d 1042 (La. 5/8/19) .................................................................................. 4, 5, 6

Crowe v. Bio-Med. Application of Louisiana, LLC,
  208 So. 3d 473 (La. App. 1 Cir. 6/3/16) ......................................................................... 7

Doucet v. Dental Health Plans Mgmt. Corp.,
  412 So. 2d 1383 (La. 1982) ............................................................................................ 6

ERG Enterprises, LLC v. Green Coast Enterprises, LLC,
  299 So. 3d 1194 (La. App. 4 Cir. 5/13/20) ................................................................... 10

Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London,
  2021 WL 359735 (M.D. La. Feb. 2, 2021) .................................................................. 7, 8

Ginter v. Belcher, Prendergast & Laporte,
  536 F.3d 439 (5th Cir. 2008) .......................................................................................... 2

Hodges v. Reasonover,
    103 So. 3d 1069 (La. 7/2/12) ................................................................................... 2

In re Hawker Beechcraft, Inc.,
    515 B.R. 416 (S.D.N.Y. 2014)................................................................................. 3

Courville v. Allied Pros. Ins. Co.,
    174 So. 3d 659 (La. App. 1 Cir. 6/5/15) ................................................................. 6

Kubala v. Supreme Prod. Servs., Inc.,
    830 F.3d 199 (5th Cir. 2016) ................................................................................... 8

MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC,
    268 F.3d 58 (2d Cir. 2001)....................................................................................... 9

Maldovan v. Cnty. of Erie,
    2022 WL 17095561 (N.Y. Nov. 22, 2022) .............................................................. 7

Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine,
    311 F.3d 488 (2d Cir. 2002)..................................................................................... 9

In re Mt. Hawley Ins. Co.,
    2022 WL 5360188 (5th Cir. Apr. 28, 2022) ...................................................... 5, 10

Rabinowitz v. Kelman,
    2022 WL 2718483 (S.D.N.Y. July 13, 2022) .......................................................... 2

Ram Krishana Inc. v. MT Hawley Ins. Co.,
    2022 WL 266713 (W.D. La. Jan. 27, 2022) ............................................................ 5

Scherk v. Alberto-Culver Co.,
    417 U.S. 506 (1974)................................................................................................. 2

Stadtlander v. Ryan's Fam. Steakhouses, Inc.,
    794 So. 2d 881 (La. App. 2 Cir. 4/4/01) ................................................................. 2

Thomson-CSF, S.A. v. Am. Arb. Ass'n,
    64 F.3d 773 (2d Cir. 1995)....................................................................................... 9

Traders' Mart, Inc. v. AOS, Inc.,
    268 So. 3d 420 (La. App. 2 Cir. 4/10/19) ............................................................. 10

Wabtec Corp. v. Faiveley Transp. Malmo AB,
    525 F.3d 135 (2d Cir. 2008)..................................................................................... 2

**Statutes**

9 U.S.C. § 202............................................................................................................... 8

La. Stat. Ann. § 22:442(A) ............................................................................................................. 3

La. Stat. Ann. § 22:446(A) ............................................................................................................. 2

La. Stat. Ann. § 22:868(D) .................................................................................................... *Passim*

2020 La. Sess. Law Serv. Act 307, §1 ...................................................................................... 4, 5

**INTRODUCTION**

The Insurers respectfully submit this reply memorandum of law in further support of their petition to compel arbitration against Respondent 3131 Veterans Boulevard LLC. Respondent contends that:

1. The Policy's arbitration clause conflicts with the Louisiana Insurance Code;
2. The domestic insurers have no rights under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards;
3. The arbitration panel cannot decide arbitrability; and
4. Neither Respondent nor the Policy's insured - 2121 Borders, LLC - signed the policy, rendering the arbitration provision unenforceable.

None of these arguments has merit.

First, both the plain language of the relevant provisions of the Louisiana Insurance Code, and recent decisions from the Louisiana Supreme Court and the Fifth Circuit, demonstrate that the arbitration clause complies with Louisiana law, and is therefore enforceable.

Second, all the Insurers – both domestic and foreign – are parties to the Policy, a written agreement about a commercial matter providing for arbitration in the United States, a Convention signatory. Because the Policy meets the requirements of Chapter 2 of the FAA, all the Insurers – domestic and foreign – may enforce the arbitration clause, as they seek to do here.

Third, both Louisiana and New York courts have consistently found that delegation clauses like the one in this Policy decisively transfer the court's power to decide arbitrability questions to the arbitrator.

And finally, Respondent – which both seeks and has already received a direct benefit under the Policy – is estopped from avoiding arbitration by claiming it never executed the Policy. New

1

York law on equitable estoppel applies here. But even applying Louisiana law, this Court would achieve the same result. Therefore, the Court should grant the Insurers' petition.

I. **The Arbitration Clause is Enforceable Under Louisiana Law**

    **1. The Insurers, as Surplus Lines Insurers, are Exempt from the Louisiana Statute Prohibiting Arbitration Clauses**

Respondent acknowledges that the Insurers are Louisiana surplus lines insurers. See Opp. at 3, Ex. A, ECF No. 31, 31-1. Section 868(A)(2) of the Insurance Code, which prohibits insurance policies from depriving Louisiana courts of jurisdiction or venue of action against insurers, does not prevent a surplus lines carrier from including a forum or venue selection clause in its policy. La. Stat. Ann § 22:868(D) ("The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."). And Section 446 of the Insurance Code expressly exempts surplus lines insurers from filing or seeking approval of their forms for property and casualty insurance unless such forms relate to liability coverage for "public carrier vehicles." La. Stat. Ann. § 22:446(A).

Thus, under Section 868 of the Insurance Code, surplus lines carriers like the Insurers are expressly allowed to issue policies containing forum selection clauses. Arbitration clauses are a kind of forum selection clause. Hodges v. Reasonover, 103 So. 3d 1069, 1076 (La. 7/2/12) (quoting Ginter v. Belcher, Prendergast & Laporte, 536 F.3d 439, 443 (5th Cir. 2008)); Stadtlander v. Ryan's Fam. Steakhouses, Inc., 794 So. 2d 881, 890 (La. App. 2 Cir. 4/4/01) ("An arbitration agreement is a 'kind of forum-selection clause.'") (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974)); see also Wabtec Corp. v. Faiveley Transp. Malmo AB, 525 F.3d 135, 138 (2d Cir. 2008) (same, citing Scherk); Rabinowitz v. Kelman, 2022 WL 2718483, at *2 (S.D.N.Y. July 13, 2022) (same). Therefore, Section 868 permits the Policy's arbitration clause.

## 2. Insurance Code Section 442 Does Not Prohibit the Arbitration Clause

Respondent argues that Insurance Code Section 442, entitled "Legal process against unauthorized insurer," supports the notion that the Policy's arbitration clause is unenforceable. Not so. Section 442[1] merely precludes an insured or claimant from suing a surplus lines carrier in a parish within Louisiana other than the parish where the cause of action arose. It does not invalidate forum selection clauses, which are specifically allowed under 868.

Indeed, applying Section 442 as Respondent advocates – prohibiting a surplus lines insurer from including an arbitration or other forum selection clause in its policy – directly conflicts with Section 868(D), which expressly *permits* a surplus lines carrier to have a forum or venue selection clause in a property insurance policy. Here, the more specific statute is 22:868(D), because it addresses the exemption of surplus lines insurers from the prohibition against forum or venue selection clauses, and therefore controls over the more general Section, 442. See Burge v. State, 54 So. 3d 1110, 1113 (La. 2/11/11) ("It is a well-settled canon of statutory construction that the more specific statute controls over the general statute."); see also In re Hawker Beechcraft, Inc., 515 B.R. 416, 429 (S.D.N.Y. 2014) (same, citing Cook v. New York State Div. of Parole, 321 F.3d 274, 279 n.2 (2d Cir. 2003)).

## 3. Federal and Louisiana State Decisions Support the Insurers' Position

Recent cases interpreting Section 868 of the Insurance Code support the Insurers position. In Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp., 884 F.3d 540 (5th Cir. 2018), the Fifth Circuit interpreted the pre-amendment version of Section 868(A)(2), which prohibited "provisions in an insurance contract that would deprive Louisiana courts of *jurisdiction*." Id. at 543. As Al

---

[1] The statute provides: "An unauthorized insurer shall be sued, upon any cause of action arising in this state under any contract issued by it as a surplus lines contract, pursuant to this Subpart, in the district court of the parish in which the cause of action arose." La. Stat. Ann. § 22:442(A).

3

Copeland recognized, the statute said "nothing about venue," holding that the statute did "not indicate that Louisiana has a strong public policy against forum-selection clauses in insurance contracts," and instead concluded that a forum selection clause requiring that coverage disputes be resolved in the courts of New York, in accordance with New York law, was enforceable. Id. at 544–45. And in Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc., 282 So. 3d 1042 (La. 5/8/19), the Louisiana Supreme Court adopted the Fifth Circuit's interpretation of the pre-amendment version of Section 868. Id. at 1049.

Creekstone involved a forum selection clause requiring that any disagreement between the insured and the insurer be brought "in a court of competent jurisdiction within the State of New York." Id. at 1045. But the Louisiana Supreme Court held that "it is apparent that the plain language of La. R. S. 22:868(A)(2) does not prohibit the forum selection clause at issue in this case, as it chooses New York as the *venue* for the dispute, and does not deprive Louisiana courts of *jurisdiction*." Id. at 1047 (emphasis in original); see also Al Copeland, 884 F.3d at 544 ("As the district court recognized, venue and jurisdiction are 'separate and distinct.' We, too, will not stretch the definition of jurisdiction to include venue—a feat with no legal footing.").

This Policy's arbitration clause selects New York as the *venue* to adjudicate "all matters in difference," and therefore does not deprive Louisiana courts of jurisdiction.

Although Al Copeland and Creekstone interpreted a version of Section 868(A) that did not prohibit venue selection clauses, while the current version of 868(A) does, both decisions reject Respondent's contention that "enforcement of the arbitration clause [] would [impermissibly] deprive the court hearing the Louisiana lawsuit of jurisdiction." Opp. at 5 (emphasis added). And after Al Copeland, the Louisiana legislature amended Section 868(A) of the Insurance Code to include a prohibition against venue selection clauses in insurance policies delivered in Louisiana.

4

2020 La. Sess. Law Serv. Act 307, §1. But it also added Section 868(D), which, as noted, expressly exempts surplus lines insurers from the prohibition against forum or venue selection clauses. Id.

Respondent's arguments track those made in Ram Krishana Inc. v. MT Hawley Ins. Co., 2022 WL 266713, at *2 (W.D. La. Jan. 27, 2022). There, the District Court held that despite Section 868(D), a forum selection clause requiring that coverage disputes be resolved in a New York court in accordance with New York law was unenforceable. Id. at *1, *3. But on appeal, the Fifth Circuit ordered the District Court to vacate its judgment, "and enter in its place an order transferring this case to the United States District Court for the Southern District of New York." In re Mt. Hawley Ins. Co., 2022 WL 5360188, at *1 (5th Cir. Apr. 28, 2022); see also Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co., 2022 WL 17476969, at *2 (E.D. La. Dec. 6, 2022) (finding surplus line carrier's forum-selection clause valid and enforceable, and holding that Plaintiff's arguments to the contrary were "eviscerated by" In re Mt. Hawley).

Al Copeland, Creekstone and Mt. Hawley therefore all refute Respondent's argument that the Policy's arbitration clause violates Section 868 of the Louisiana Insurance Code. And the two Fifth Circuit decisions, Al Copeland and Mt. Hawley, demonstrate that a forum selection clause calling for the application of another state's law does not violate Louisiana public policy.

### 4. Respondent Conflates Choice of Law and Choice of Forum

The forum selection clause at issue in Creekstone – which the Louisiana Supreme Court found enforceable – also contained a New York choice of law clause. Creekstone, 282 So. 3d at 1045. While the Supreme Court declined to address the clause's validity, it noted that:

> R.S. 22:868(C) expressly states that the voiding of any condition under R.S. 22:868(A) 'shall not affect the validity of the other provisions of the contract.' Thus, even if the choice of law provision were to be invalidated, that invalidation, by the terms of the statute, would not affect the validity of the forum selection clause.

Id. at 1049 n.7.

5

Accordingly, even if the arbitration clause's choice of law provision is determined to conflict with Louisiana law, the arbitration clause in the policy to which the Insurers subscribe does not deprive the Louisiana courts of jurisdiction, and is therefore enforceable. Creekstone, 282 So. 3d at 1049 n.7. And because all the Insurers are surplus lines insurers, they are expressly exempt from the prohibition against venue selection clauses. Thus, the arbitration clause complies with Louisiana law, and the Court should grant the Insurers' petition.

### 5. Respondent's Cited Cases are Not on Point

Respondent's reliance on Doucet v. Dental Health Plans Mgmt. Corp., 412 So. 2d 1383 (La. 1982), and Courville v. Allied Pros. Ins. Co., 174 So. 3d 659 (La. App. 1 Cir. 6/5/15), is similarly misplaced. In Doucet, the Louisiana Supreme Court stated in dictum that "[c]lassification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable under R.S. 22:629."[2] Doucet, 412 So. 2d at 1384. But Doucet was decided before Section 868(D) – which allows surplus lines carriers such as the Insurers to include forum and venue selection clauses in their policies – was enacted. Thus, the explicit permission granted by Section 868(D) controls over Respondent's 40-year-old dicta.

And in Courville – also decided before Section 868(D)'s enactment – the court recognized that "it is not clear from [Section 868(A)'s] text that arbitration agreements are specifically voided." Courville, 174 So. 3d at 666. Neither case supports Respondent's position that Section 868 "renders arbitration provisions in insurance policies unenforceable." Opp. at 5.

The Court should also disregard Respondent's invitation to scrutinize the legislative history of Section 868(D) (Opp. at 5 n.9), because the statute is clear and unambiguous. "When a statute is clear and unambiguous, and its application does not lead to absurd consequences, it shall be

---

[2] R.S. 22:629 is an earlier codification of section 868.

applied as written, with no further interpretation made in search of the legislative intent." Crowe v. Bio-Med. Application of Louisiana, LLC, 208 So. 3d 473, 487 (La. App. 1 Cir. 6/3/16); see also Maldovan v. Cnty. of Erie, 2022 WL 17095561, at *15 (N.Y. Nov. 22, 2022) ("[W]here the plain language of a statute is clear, there is no need to look to the legislative history to construe it.").

Finally, because the arbitration clause is consistent with the Louisiana Insurance Code, Respondent's argument that the Convention does not supersede the McCarran-Ferguson Act is irrelevant. The Court should therefore grant the Insurers' petition.

## II. **The Policy's Broad Delegation Clause Mandates that the Arbitration Tribunal Determine all Issues, Including the Arbitration Clause's Validity and Scope**

Respondent contends that because the entire arbitration clause is unenforceable, the arbitration clause's delegation clause is unenforceable. Opp. at 13. But Respondent's premise is wrong. True, if the Court finds the arbitration clause unenforceable, then the delegation clause would be too. But as discussed above, under Al Copeland, Creekstone, and Ram Krishana, the arbitration clause *is* enforceable. And since it is enforceable, the delegation clause is too.

As discussed in the Insurers' opening brief, courts in this and its sister districts have interpreted this exact provision, each time concluding that this wording required arbitration of all disputes between the parties. See Ins. Br. at 9-11 (citing Corpus Christi Indep. Sch. Dist. v. Amrisc, LLC, 2019 WL 2051696, at *3 (E.D.N.Y. May 9, 2019) and Certain Underwriters at Lloyd's, London v. Vintage Grand Condo. Ass'n, Inc., 2019 WL 760802, at *5 (S.D.N.Y. Feb. 6, 2019).

Nor is Respondent assisted by Louisiana law. In Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, 2021 WL 359735 (M.D. La. Feb. 2, 2021), an insured argued that the same arbitration provision, containing the same delegation clause, was unenforceable as a contract of adhesion. Id. at *9. The court disagreed. Relying on the Fifth Circuit, the Georgetown court explained:

7

> If the party seeking arbitration points to a purported delegation clause, the court's analysis is limited. It performs the first step—an analysis of contract formation—as it always does. But the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated. If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases.

Id. at *10 (citing Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 202 (5th Cir. 2016)).

Because the arbitration clause is enforceable, and because it delegates "all matters in difference" to the arbitrators, the Court should grant the Insurers' petition.

III. **<u>Respondent's Purported Waiver Against the Insurers is Irrelevant</u>**

Respondent contends that the Insurers cannot compel arbitration because it "has affirmatively waived rights against the foreign underwriters." Opp. at 15. But Respondent's purported waiver of its claims against the foreign carriers – Lloyd's and HDI – does not remove the foreign insurers as parties to the contract under which Respondent seeks coverage. Rather, as Respondent acknowledges, the Policy is between Respondent (as assignee of the insured) and a group of domestic **and** foreign insurers, which have collectively paid Respondent $44,641.22 under the Policy for its alleged Hurricane Ida losses. See Ex. 2 to the 11.18.2022 Dec. of J. Weinstein at ¶22, ECF No. 4, 4-2; see also Ins. Br. at 11-12.

The Policy therefore meets 9 U.S.C. § 202's requirement that the arbitration agreement arise out of a legal relationship that is not entirely between citizens of the United States. Respondent's unilateral decision not to seek additional funds from Lloyd's and HDI does not change the legal relationship out of which the arbitration agreement arises: a contract not entirely between citizens of the United States. **All the Insurers** can enforce the Policy's arbitration clause under the Convention because **all the insurers** have a legal relationship with Respondent.

IV. **The Insurers Can Enforce the Arbitration Clause Through Estoppel**

The Second Circuit has "recognized certain theories under which a non-signatory party may be bound by an arbitration agreement." Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, 311 F.3d 488, 495 (2d Cir. 2002). One of them is equitable estoppel. Id. (quoting Thomson-CSF, S.A. v. Am. Arb. Ass'n, 64 F.3d 773, 776 (2d Cir. 1995)).

Under this theory, "[a] party is estopped from denying its obligation to arbitrate when it receives a 'direct benefit' from a contract containing an arbitration clause." Am. Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349, 353 (2d Cir. 1999). As to insurance coverage, a non-signatory insured obtains a direct benefit under an insurance policy when it receives indemnification under that policy for its covered losses. See Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp. 2d 182, 187 (E.D.N.Y. 2006) ("By seeking to enforce its indemnification rights as an additional insured under the policy, [the insured] must also be bound by its arbitration clause because it wishes to avail itself of the protection and direct benefits afforded by the policy.").

Respondent argues that equitable estoppel does not apply because the arbitration clause "was not signed by 3131 Veterans [the Respondent] or 2121 Borders [the Insured]." Opp. at 9, 12. This argument misses the point. Equitable estoppel exists precisely to prevent a party that did not sign a contract from capitalizing on its benefits while avoiding its obligations. MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58 (2d Cir. 2001) ("Under the estoppel theory, a company knowingly exploiting an agreement with an arbitration clause can be estopped from avoiding arbitration despite having never signed the agreement.") (quoting Thomson-CSF, 64 F.3d at 778.

Trying to avoid New York law, Respondent argues that "Louisiana law regarding equitable estoppel governs the Insurers' attempt to invoke it." Opp. at 15. First, Respondent ignores that

9

under Louisiana law, forum-selection clauses with choice of law provisions in insurance policies are enforceable. In re Mt. Hawley Insurance Company, 2022 WL 5360188, at *1 (New York forum and New York choice of law); Al Copeland, 884 F.3d at 542, 545 (same).

Second, even under Louisiana law, Respondent is estopped from avoiding arbitration under the principle of direct benefits estoppel. See, e.g., ERG Enterprises, LLC v. Green Coast Enterprises, LLC, 299 So. 3d 1194, 1200 (La. App. 4 Cir. 5/13/20) ("Arbitration Respondents filed suit to enforce and benefit from the Agreement, but are now seeking to avoid the binding arbitration provision … A non-signatory cannot litigate to reap benefits from a contract and then attempt to avoid an arbitration provision contained therein.") (cleaned up); Traders' Mart, Inc. v. AOS, Inc., 268 So. 3d 420, 428 (La. App. 2 Cir. 4/10/19) ("The courts have applied direct benefits estoppel to bind a nonsignatory to an arbitration agreement when the nonsignatory knowingly exploits the contract containing the arbitration clause and obtains a direct benefit from that contract."). And under Louisiana law, "equitable estoppel is distinguishable from direct benefits estoppel." Traders' Mart, 268 So. 3d at 428. The cases cited by Respondent about equitable estoppel under Louisiana law are therefore inapt. Therefore, the Court should compel Respondent to arbitrate even though it is not a signatory to the Policy.

## CONCLUSION

Respondent seeks insurance proceeds under the Policy, in which foreign and domestic insurers participate. The Insurers dispute that proceeds are owed. To address this dispute, the Policy contains a clear arbitration provision with a broad delegation provision. But Respondent "wastes this busy Court's time with its [] application to have this Court read the arbitration clause out of the Policy." Vintage Grand, 2019 WL 760802, at *6. The Court should deny Respondent's motion and send this matter to arbitration, where it belongs.

Dated: New York, New York

10

December 27, 2022

                         MOUND COTTON WOLLAN & GREENGRASS LLP

                         By:    /s/ Jeffrey S. Weinstein
                                 Jeffrey S. Weinstein
                                 David A. Nelson
                                 Samuel B. Weiss
                                 jweinstein@moundcotton.com
                                 dnelson@moundcotton.com
                                 sweiss@moundcotton.com
                                 One New York Plaza, 44th Floor
                                 New York, New York 10004
                                 (212) 804-4200

                                 *Attorneys for Petitioners*