UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE
COMPANY, GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA,
 UNITED SPECIALTY INSURANCE                    No. 1:22-cv-9849(LAP))
 COMPANY, LEXINGTON INSURANCE
 COMPANY, HDI GLOBAL SPECIALTY SE,
 OLD REPUBLIC UNION INSURANCE                  OPPOSITION TO MOTION TO
COMPANY, GEOVERA SPECIALTY                     ENJOIN LOUISIANA STATE
INSURANCE COMPANY, and TRANSVERSE              COURT ACTION
SPECIALTY INSURANCE COMPANY,

                             Petitioners,

v.

3131 VETERANS BLVD LLC

                             Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

     NOW INTO COURT, through undersigned counsel, comes Respondent, 3131 Veterans Blvd, LLC, to oppose the Motion to Enjoin Louisiana State Court Action ("the Motion to Enjoin") filed by Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company ("the Insurers").

     The Insurers issued property insurance policies to 2121 Borders, LLC ("2121 Borders") under account number 815222 ("The Policies"). 2121 Borders made a claim under the Policies for damage to a single property in Louisiana insured by the Policies as a result of Hurricane Ida ("the

1

Hurricane Ida claim"). 2121 Borders then assigned the proceeds of the Hurricane Ida claim to 3131 Veterans in connection the sale of the property insured under the Policies to 3131 Veterans.

This case involves an attempt by the Insurers to prevent 3131 Veterans from asserting its rights in a lawsuit currently pending in Louisiana state court ("the Louisiana lawsuit") against all non-foreign underwriters of the Policies ("the domestic underwriters") regarding the Hurricane Ida claim. The Louisiana lawsuit was filed before commencement of the present action. The Insurers have moved to compel arbitration ("the Motion to Compel Arbitration"), and 3131 Veterans has opposed the Motion to Compel Arbitration.

For the reasons explained in 3131 Veterans' Opposition to Motion to Compel Arbitration [Rec. Doc. 31], the Insurers' Motion to Enjoin Louisiana State Court Action (the "Motion to Enjoin") should also be denied and 3131 Veterans hereby adopts all arguments and evidence filed in connection with its Opposition to Motion to Compel Arbitration [Rec. Doc. 31] as if copied here in full. Specifically, the Insurers' Motion to Compel and the Motion to Enjoin must be denied because the arbitration clause contained in the Policies is not valid nor enforceable under the Louisiana Insurance Code, which governs 3131 Veterans' claims against the Insurers, because the Louisiana Insurance Code is not preempted by either the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") nor the Federal Arbitration Act ("the FAA") pursuant to the McCarran-Ferguson Act ("MFA").

Second, there is not a valid arbitration agreement contained in the Policies because there was no written agreement to arbitrate signed by 2121 Borders nor 3131 Veterans as required by Section II of the Convention.

Third, the only insurers against whom 3131 Veterans is seeking damages in the Louisiana lawsuit have no rights under the Convention because they are not foreign insurers.

Fourth, the only insurers against whom 3131 Veterans is seeking damages in the Louisiana lawsuit cannot rely on the principal of collateral estoppel to compel arbitration because there is not an agreement to arbitrate signed by 2121 Borders nor 3131 Veterans, applying estoppel would conflict with Louisiana law, and the Insurers have not even pled any facts that could support the application of collateral estoppel.

For all of these reasons, the relief sought in the Motion to Compel and the Motion to Enjoin must be denied and this Court should not compel arbitration. Because this Court should deny the relief sought in the Motion to Compel, this Court should likewise deny the Motion to Enjoin.

However, the Motion to Enjoin should also be denied because the relief in the Motion to Enjoin sought would violate the Anti-Injunction Act, 28 U.S.C. 2283, which states that this Court cannot enjoin the Louisiana lawsuit "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Insurers argue in the Motion to Enjoin that enjoining the Louisiana lawsuit is necessary to aid in the jurisdiction of this Court and to protect or effectuate judgments of this Court - specifically the Court's forthcoming ruling on the Motion to Compel.

However, 3131 Veterans is seeking statutory penalties, consequential damages, and attorneys' fees against the domestic underwriters available under the Louisiana Insurance Code, La. Rev. Stat. 22:1, et seq. in the Louisiana lawsuit, [1] The arbitration clause contained in the Policies states that "The Arbitration Tribunal may not award exemplary, punitive, consequential or other damages of a similar nature."[2] Consequently, this Court cannot compel the parties to arbitrate 3131 Veterans' claims against the domestic underwriters for statutory penalties,

---

[1]  See Rec. Doc. 4-2 at paragraphs 50 to 58.

[2]  See Rec. Doc. 4-1 at page 40.

consequential damages, and attorneys' fees since that relief falls outside of the scope of the issues contemplated to be arbitrated.

Likewise, the Insurers cannot deprive 3131 Veterans from seeking damages for statutory penalties, consequential damages, and attorneys' fees. As explained more fully in the Opposition to Motion to Compel Arbitration, neither the Convention nor the FAA preempt the Louisiana Insurance Code pursuant to the MFA and the Louisiana Insurance Code prohibits "any condition, stipulation, or agreement" in an insurance policy "requiring it to be construed according to the laws of any other state or country...." La. Rev. Stat. 22:868. Part C of Louisiana Revised Statute 22:868 further states that "[a]ny such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."

Consequently, even if arbitration were to proceed, 3131 Veterans could and would continue to seek recovery of contractual penalties, consequential damages, and attorneys' fees to which it may be entitled under the Louisiana Insurance Code in the Louisiana lawsuit – including contractual penalties, consequential damages, and attorneys' fees regarding payments already made to date even if no further contractual damages are found to be owed to 3131 Veterans. Consequently, since this Court cannot issue a judgment compelling arbitration of 3131 Veterans' claims for statutory penalties, consequential damages, and attorneys' fees since those issues are outside of the scope of the Motion to Compel since they cannot be addressed by an arbitration panel if arbitration could be invoked, there is no judgment on those issues that would need to be protected or effectuated. As such, this Court cannot enjoin the Louisiana lawsuit under the clear language of 28 U.S. 2283.

In sum, the Motion to Enjoin must be denied because the Insurers cannot compel arbitration of 3131 Veterans' claims against the domestic underwriters and because enjoining the Louisiana lawsuit would violate 28 U.S.C. 2283.

Date submitted:		December 30, 2022

								Respectfully submitted,

								s/ William Barousse
								VOORHIES LAW FIRM, L.L.C.
								William A. Barousse
								william@voorhieslaw.com
								Energy Centre, Suite 2810
								1100 Poydras Street
								New Orleans, Louisiana 70163
								Phone: (504) 875-2223
								Fax: (504) 875-4882
								**Attorney for 3131 Veterans Blvd LLC**