UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY, | Civil Action No. 1:22-cv-09849<br><br>**Petitioners' Memorandum of Law in Opposition to Respondent's Motion to Dismiss** |

                                Petitioners,

vs.

3131 VETERANS BLVD LLC,

                                Respondent.

------------------------------------X

Of Counsel:

    Jeffrey S. Weinstein
    David A. Nelson
    Samuel B. Weiss
    Mound Cotton Wollan & Greengrass LLP
    One New York Plaza Floor 44
    New York, New York 10004
    Tel: (212) 804-4200
    Fax: (212) 344-8066
    JWeinstein@moundcotton.com
    DNelson@moundcotton.com
    SWeiss@moundcotton.com
    *Attorneys for Petitioners*

**Table of Contents**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

1.   If an Arbitration Clause – Like This One – Provides that the Seat of Arbitration is in New York, New York Courts have Personal Jurisdiction ............................................1

2.   Respondent – as an Assignee – is bound by the Policy's New York Arbitration Clause ...................................................................................................................3

3.   The Insurers' Petition Quotes the Entire Arbitration Clause, Supporting a Finding of Personal Jurisdiction..................................................................................................4

CONCLUSION.......................................................................................................................5

## **Table of Authorities**

Page(s)

**Cases**

Am. Bureau of Shipping v. Tencara Shipyard S.P.A.,
   170 F.3d 349 (2d Cir. 1999) .................................................................................................... 2

Blum's, Inc. v. Ferro Union Corp.,
   36 A.D.2d 584, 585 (1st Dep't 1971) ..................................................................................... 4

Blum's Inc. v. Ferro Union Corp,
   29 N.Y.2d 689 (1971) ............................................................................................................. 4

Bucephalus Alternative Energy Grp., LLC v. KCR Dev.,
   2009 WL 5179091 (S.D.N.Y. Dec. 23, 2009) ........................................................................ 1

Grand River Enterprises Six Nations, Ltd. v. Pryor,
   425 F.3d 158 (2d Cir. 2005) .................................................................................................... 1

In re Clark Patterson Engineers, Surveyor, & Architects, P.C. (City of Gloversville Bd. of Water
   Comm'rs),
   809 N.Y.S.2d 247 (3d Dep't 2006) ........................................................................................ 4

M. Shanken Commc'ns, Inc. v. Variant Events, LLC,
   2010 WL 4159476 (S.D.N.Y. Oct. 7, 2010) ........................................................................... 5

Matter of Liberty Country Wear,
   96 N.Y.S.2d 134 (Special Term Pt. 1 1950) .......................................................................... 2

Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos,
   553 F.2d 842 (2d Cir. 1977) .................................................................................................... 2

St. Paul Fire & Marine Ins. Co. v. Eliahu Ins. Co.,
   1997 WL 357989, at (S.D.N.Y. June 26, 1997) ..................................................................... 5

St. Paul Fire & Marine Ins. Co. v. Eliahu Ins. Co.,
   152 F.3d 920 (2d Cir. 1998) .................................................................................................... 5

Stolt Tankers BV v. Allianz Seguros, S.A.,
   2011 WL 2436662 (S.D.N.Y. June 16, 2011) .................................................................... 2, 3

Summit Jet Corp. v. Meyers,
   751 N.Y.S.2d 148 (2d Dep't 2002) ......................................................................................... 2

Titan Mar. Indus., Inc. v. Marina Funding Grp., Inc.,
   2000 WL 1616991 (S.D.N.Y. Oct. 27, 2000) ........................................................................ 2

TransAtlantic Lines LLC v. Amergent Techs, LLC,
   2017 WL 78511 (S.D.N.Y. Jan. 6, 2017) .................................................................................. 4, 5

Victory Transp. Inc. v. Comisaria Gen. de Abastecimientos y Transportes,
   336 F.2d 354 (2d Cir. 1964) ......................................................................................................... 2

Zurich Ins. Co. v. R. Elec., Inc.,
   773 N.Y.S.2d 560 (1st Dep't 2004) .............................................................................................. 2

**Other Authorities**

McKinney's 7B, CPLR Commentary C7502:1 (2013) ...................................................................... 2

**INTRODUCTION**

Petitioners respectfully submit this memorandum of law in opposition to Respondent's motion to dismiss. Respondent argues that the Court does not have personal jurisdiction over it because New York's long-arm statute does not provide it. But Respondent misstates the applicable law. The Court has personal jurisdiction.

New York state and federal courts are clear: where an arbitration clause designates New York as the seat of arbitration, New York courts have personal jurisdiction. And Respondent, as an entity seeking benefits under the Policy, is bound by the Policy's arbitration clause, and its designation of New York as the seat of arbitration.

**ARGUMENT**

1. **If an Arbitration Clause – Like This One – Provides that the Seat of Arbitration is in New York, New York Courts have Personal Jurisdiction**

Respondent implies that the sole test to determine personal jurisdiction over a non-domiciliary in a case involving a federal question is whether the forum state's long-arm statute applies. Resp. Mot. at 3. But New York's long arm statute is only *one* way to establish jurisdiction, not the only way.

District courts resolving personal jurisdiction issues engage in a two-part analysis. Bucephalus Alternative Energy Grp., LLC v. KCR Dev., 2009 WL 5179091, at *2 (S.D.N.Y. Dec. 23, 2009). First, the court determines whether the forum state's laws provide jurisdiction. Bucephalus, 2009 WL 5179091, at *2 (citing Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). Then, it determines whether exercising jurisdiction complies with federal due process. Bucephalus, 2009 WL 5179091, at *2.

New York state courts are clear: when a party agrees to an arbitration clause that provides that the arbitration of the dispute should be held in New York, it has implied "a consensual

1

submission to the personal jurisdiction of the courts of this state to enforce it and to enter judgment on an award." Summit Jet Corp. v. Meyers, 751 N.Y.S.2d 148, 149 (2d Dep't 2002) (citing cases); see also Zurich Ins. Co. v. R. Elec., Inc., 773 N.Y.S.2d 560 (1st Dep't 2004) ("Because the arbitration clause, which selects New York as the place of arbitration, is valid, New York has personal jurisdiction over respondent, and is a convenient forum as a matter of law."); McKinney's 7B, CPLR Commentary C7502:1 (2013) ("Aside from statutory bases of jurisdiction, an agreement to participate in arbitration in New York should be deemed an implied consent to the jurisdiction of the New York courts to enforce and regulate the arbitration."). "The jurisdiction springs from the voluntary act of the non-resident himself who by written contract has obligated himself to arbitrate a controversy in this state." Matter of Liberty Country Wear, 96 N.Y.S.2d 134, 138 (Special Term Pt. 1 1950).

Federal courts agree:

> A party who agrees to arbitrate in New York must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in New York. To hold otherwise would be to render the arbitration clause a nullity. The Second Circuit has repeatedly upheld the rule that arbitration forum clauses confer personal jurisdiction by consent. It is, therefore, well-settled that federal courts applying New York law have personal jurisdiction over parties that agree to arbitrate their disputes in New York.

Stolt Tankers BV v. Allianz Seguros, S.A., 2011 WL 2436662, at *2 (S.D.N.Y. June 16, 2011) (cleaned up and citing Victory Transp. Inc. v. Comisaria Gen. de Abastecimientos y Transportes, 336 F.2d 354, 363 (2d Cir. 1964), Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos, 553 F.2d 842, 845 (2d Cir. 1977), and Am. Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349, 352 (2d Cir. 1999)); see also Titan Mar. Indus., Inc. v. Marina Funding Grp., Inc., 2000 WL 1616991, at *1 (S.D.N.Y. Oct. 27, 2000) (finding consent to personal jurisdiction

when contract stated that "any dispute arising under this Agreement shall be settled by arbitration in New York").

Here, Respondent consented to personal jurisdiction in this Court because the Policy's arbitration clause states – in clear and unmistakable language:

> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

See Policy at p. 24, Ex. 1 to the 11.18.2022 Dec. of J. Weinstein, ECF No. 4-1.

This Court therefore has personal jurisdiction over Respondent.

2.  **Respondent – as an Assignee – is bound by the Policy's New York Arbitration Clause**

Respondent does not argue that the Court's exercising jurisdiction does not comply with federal due process. Nor can it.

While Respondent is not an insured under the Policy, it is undisputed that Respondent is an assignee of the Policy's insured. See Louisiana Pet. at ¶ 17, Ex. 2 to the 11.18.2022 Dec. of J. Weinstein, ECF No. 4-2. And it is undisputed that Respondent has already received – and seeks additional – benefits under the Policy. See, e.g., Louisiana Pet. at ¶¶ 22, 41. As an assignee, Respondent is bound by the Policy's requirement that "all matters in dispute" be arbitrated in New York. See Policy at p. 24.

The Insurers have already explained how Respondent is generally bound by the Policy's arbitration clause. See Ins. 12.27.2022 Reply in Further Support of Their Petition to Compel Arbitration. Respondent cannot rely on a personal jurisdiction defense to shirk its obligations under the Policy, either. See Stolt Tankers BV v. Allianz Seguros, S.A., No. 11 CIV. 2331 SAS, 2011 WL 2436662, at *4 (S.D.N.Y. June 16, 2011) (party seeking benefits "cannot escape their obligations under one clause of the contract—the arbitration clause—while suing under a different

3

one"); Blum's, Inc. v. Ferro Union Corp., 36 A.D.2d 584, 585 (1st Dep't 1971) ("An assignee who has taken over the rights of an assignor is bound to an arbitration clause in the assigned contract"), aff'd sub nom. Blum's Inc. v. Ferro Union Corp, 29 N.Y.2d 689 (1971); see also In re Clark Patterson Engineers, Surveyor, & Architects, P.C. (City of Gloversville Bd. of Water Comm'rs), 809 N.Y.S.2d 247, 250 (3d Dep't 2006) (citing Blum's).

3. **The Insurers' Petition Quotes the Entire Arbitration Clause, Supporting a Finding of Personal Jurisdiction**

In a final attempt to avoid its obligations under the Policy, Respondent contends that "the Petition is devoid of any allegations which could support a finding of personal jurisdiction over 3131 Veterans in New York." Resp. Mot. at 3. Respondent is wrong again.

Paragraph 33 of the Insurers' petition states:

> The Policy includes an Arbitration Agreement which requires that "all matters in difference" between the Respondent and the Insurers concerning the Policy shall be referred to an Arbitration Tribunal, the seat of which is to be in New York, and which will apply New York law.

Ins. Pet. at ¶33, ECF No. 1. Paragraph 34 of the petition quotes the arbitration clause in full, and the full Policy is attached as Exhibit 1 to the November 18, 2022 Declaration of Jeffrey S. Weinstein accompanying the petition. Along with being factually incorrect, Respondent is wrong on the law, too. [1]

---

[1] Given the clear and unmistakable Policy language, and the decades of New York caselaw supporting the Insurers, no such "form over function" personal jurisdiction allegation in the Petition was necessary. Cf. TransAtlantic Lines LLC v. Amergent Techs, LLC, 2017 WL 78511, at *4 (S.D.N.Y. Jan. 6, 2017) (relying on emails and oral communications where pleadings did not supply basis for exercise of personal jurisdiction). But if the Court deems it appropriate for one to be included, the Insurers seek leave to amend the complaint with the following allegation:

> This Court has personal jurisdiction over Respondent because the arbitration clause requires the seat of the arbitration to be in New York, and the arbitral panel to apply New York law.

When resolving pre-discovery challenges to jurisdiction, courts must construe the pleadings and affidavits "in the light most favorable to the plaintiff, and all doubts are resolved in its favor." TransAtlantic Lines LLC v. Amergent Techs, LLC, 2017 WL 78511, at *3 (S.D.N.Y. Jan. 6, 2017). Moreover, "because personal jurisdiction is inherently a matter requiring the resolution of factual issues outside of the pleadings, all pertinent documentation submitted by the parties may be considered in deciding the motion." M. Shanken Commc'ns, Inc. v. Variant Events, LLC, 2010 WL 4159476, at *4 (S.D.N.Y. Oct. 7, 2010) (cleaned up); St. Paul Fire & Marine Ins. Co. v. Eliahu Ins. Co., 1997 WL 357989, at *1 (S.D.N.Y. June 26, 1997), aff'd, 152 F.3d 920 (2d Cir. 1998).

Here, the Policy – with its clear and unmistakable arbitration clause – is all the Court needs to find that personal jurisdiction exists. The Policy's arbitration clause is clear: the seat of the arbitration must be in New York. And New York law is just as clear: New York courts have personal jurisdiction over disputes arising out of the Policy.

## **CONCLUSION**

This Court has personal jurisdiction over Respondent, and should compel arbitration as the Policy requires, and the parties agreed.

Dated:      New York, New York
            January 3, 2023

By:   /s/ Jeffrey S. Weinstein
      Jeffrey S. Weinstein
      David A. Nelson
      Samuel B. Weiss
      Mound Cotton Wollan & Greengrass LLP
      One New York Plaza, Fl. 44
      New York, NY 10004
      Tel: (212) 804-4200
      Fax: (212) 344-8066
      JWeinstein@moundcotton.com
      DNelson@moundcotton.com
      SWeiss@moundcotton.com

*Attorneys for Petitioners Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company*